IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**TASAVION BUTLER,**
    Petitioner,

v().                       Case No. 5:07cv168/RS/MD

**WALTER A. MCNEIL,**[1]
    Respondent.
_____

**ORDER and
REPORT AND RECOMMENDATION**

    Before the court is a second amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 7). Respondent has filed a motion to dismiss the petition as time barred, providing relevant portions of the state court record. (Doc. 11). Although given the opportunity to respond, petitioner has not done so. (Doc. 12). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

**BACKGROUND AND PROCEDURAL HISTORY**

    In this habeas corpus proceeding, petitioner challenges the sentence imposed upon revocation of his probation. (Doc. 7, p. 1). The procedural background of this

---

[1]Walter A. McNeil succeeded James R. McDonough as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d)(1).

case is undisputed by the parties and established by the state court record. On February 21, 2002 petitioner entered a counseled no contest plea to one count of Sale or Delivery of a Controlled Substance, one count of Possession of a Controlled Substance, and one count of Delivery of a Controlled Substance, in the Circuit Court of Bay County, Florida, case number 02-286. (Doc. 11, Exs. A, B).[2] The court adjudicated him guilty on all counts and sentenced him to two years of community control followed by three years of probation. (*Id.*).

On June 28, 2002 an affidavit for violation of community control was filed. (Ex. A). On July 15, 2002 petitioner was found guilty of violating his supervision, and his community control was revoked. (*Id.*). Community control was reinstated. (Exs. A, B).

On November 15, 2002 an affidavit for violation of community control was filed. (Ex. A). Three amended affidavits were filed through April 8, 2003. (*Id.*). On June 3, 2003 petitioner pleaded no contest to violating his supervision and was released to community control while awaiting a bed in the Jackson County Jail for the Bars to Bed program, followed by four years and three months of probation. (*Id.*).

On October 22, 2004 an affidavit of violation of probation was filed. (Ex. A). Amended affidavits were filed on November 9 and 16, 2004. (*Id*.). On February 22, 2005 the trial court found that petitioner violated his supervision and sentenced him to 58 months in prison. (Exs. A, B, C). The judgment and sentence was entered on February 22, 2005. (Ex. C). An Order of Revocation of Probation was entered on March 9, 2005. (Ex. B).

On March 13, 2005 petitioner filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800 challenging his scoresheet calculation.

---

[2]Hereafter, all references to exhibits will be to those provided at Doc. 11, unless otherwise noted.

(Ex. D).  The trial court denied the motion on August 8, 2005.  (Ex. F).  Petitioner did not appeal the order denying relief.

On January 23, 2007 petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  (Ex. G).  The trial court denied the motion on March 12, 2007.  (Ex. B).  Petitioner did not appeal the order denying relief.

Petitioner filed a federal habeas corpus petition in this court on June 26, 2007. (Doc. 1).  He filed his second amended petition on September 6, 2007.  (Doc. 7). Petitioner challenges the revocation of his parole on one ground: that "the court err[ed] in the length of sentence imposed due to an inaccurate scoresheet."  (*Id.*, p. 4).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   **(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

**§ 2244(d)(1).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).**

**In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the probation revocation judgment became final.  Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which the probation revocation judgment became final.  See 28 U.S.C. § 2244(d)(1).[3]**

**Because petitioner did not appeal his judgment and sentence, they became final for purposes of § 2244(d)(1) on March 24, 2005, which is thirty days after rendition of the February 22, 2005 judgment.  See FLA. R. APP. P. 9.110(b); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become**

---

[3]Recently, in *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008), the Eleventh Circuit held that generally, subsection (D), not subsection (A), of 28 U.S.C. § 2244(d)(1), applies to cases of habeas petitioners who are in custody pursuant to a parole revocation.  *See also Ray v. Mitchem*, 2008 WL 887379 (11th Cir. Apr. 3, 2008) (unpublished opinion).  The *Brown* court held that where Georgia did not have an administrative procedure to directly challenge the Board's decision denying parole, the factual predicate for the prisoner's habeas claim existed at the time the Board issued its decision, and, therefore, the AEDPA's one-year limitations period began running from that time.  *Id.,* at 1307-08.  In *Ray v. Mitchem, supra*, the court applied *Brown* to a case where a prisoner challenged the Alabama Parole Board's decision to revoke his parole.  Finding that Alabama, like Georgia, does not have a direct appeal procedure through which the prisoner could challenge the decision of the Parole Board, the court held that the Parole Board's decision became final on the day parole was revoked, and the limitations period began to run from that date.  *Ray*, 2008 WL 887379, at *2.

The instant case is distinguishable because it involves a challenge to a probation revocation judgment entered by the state court as opposed to a decision by an administrative board.  Additionally, Florida has a procedure to directly challenge the probation revocation judgment.  *See* Fla. R. App. P. 9.140(b)(1) and 9.030(b)(1)(A).

final when the 30-day period for filing appeal expires). At that time, petitioner's Rule 3.800 motion was pending which tolled the limitations period.[4] Thus, although the limitations period was triggered on March 24, 2005, the time between March 24, 2005 and September 7, 2005 (the date the thirty-day period in which to appeal the August 8, 2005 order expired) is not counted toward the limitations period. The limitations clock began to run once more on September 7, 2005 and expired one year later on September 7, 2006. Petitioner's Rule 3.850 motion filed on January 23, 2007 did not trigger the tolling benefit of § 2244(d)(2), because the limitations period had already expired. *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Nor did the later filing reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). As the habeas petition in this case was not filed until June 26, 2007, it is untimely.

The Supreme Court of the United States has not squarely addressed the question whether equitable tolling applies to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 1814 n. 8, 161 L.Ed.2d 669 (2005). However, this court need not decide the issue because the petitioner in this case has neither claimed equitable tolling applies, nor alleged facts to suggest that he ever attempted to file his federal habeas petition within the limitations period,

---

[4]Respondent concedes that petitioner's Rule 3.800 motion tolled the limitations period. (Doc. 11, p. 4).

much less that he diligently pursued relief.[5]  Thus, the doctrine of equitable tolling is inapplicable.  Petitioner does not assert that he is actually innocent.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  The record does not support application of the equitable tolling doctrine or any other exception to the limitations period.  Based on the foregoing, the petition should be dismissed.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Walter A. McNeil has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 11) be GRANTED.

2.  That the second amended petition for writ of habeas corpus (doc. 7) challenging the convictions and sentences in *State of Florida v. Tasavion J. Butler*, in the Circuit Court of Bay County, Florida, case number 02-286, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 8th day of May, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[5]The Eleventh Circuit has allowed equitable tolling to mitigate application of § 2244(d)'s statutory deadline under very limited circumstances:

> Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition. Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence. The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.

*Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (internal quotations and citations omitted; emphasis in original).

*Case No: 5:07cv168/RS/MD*

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:07cv168/RS/MD*